1999 OK CIV APP 138

**Wendy L. HARTNESS, Plaintiff/Appellee,**

v.

**Shawn HARTNESS, Defendant,**

**and**

**Timmy Hartness and Mary Hartness, Third Party Defendants/Appellants.**

**No. 92,525.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 15, 1999.

Patti J. Palmer, Pawhuska, Oklahoma, for appellants.

W. Robert Wilson, Pawhuska, Oklahoma, for appellee.

## OPINION

CARL B. JONES, Chief Judge.

¶ 1 Appellants Timmy and Mary Hartness, grandparents of H.M.H., filed a motion for grandparental visitation rights. Appellee Wendy L. Hartness, mother of H.M.H., and Shawn Hartness, the father of H.M.H. and the son of Appellants, were divorced on December 7, 1995. The mother received custody of H.M.H. with visitation rights granted to the father. The grandparents' motion asserted that since the divorce the mother had limited the grandparents' visitation with H.M.H. The father filed a waiver of certain rights, namely that he had no objection to his parents exercising his visitation with H.M.H. when the father was unable to do so. The mother filed an entry of appearance reserving 20 days to answer as authorized by 12 O.S.1991 § 2012(A), and waived any right to object to the sufficiency of the grandparent's motion for grandparental visitation. On December 4, 1998, the mother filed a motion to dismiss relying on *In re Herbst*, 1998 OK 100, 971 P.2d 395, that the motion for grandparental visitation failed to assert sufficient grounds for visitation rights. The trial court granted the motion to dismiss on December 28, 1998. The grandparents appeal.

¶ 2 The issues submitted for review are: 1) whether the trial court erred in sustaining the mother's Motion to Dismiss; and 2) whether the trial court erred in determining that under *In re Herbst, supra,* the grandparents failed to state a claim upon which relief could be granted.

¶ 3 Generally, motions to dismiss are viewed with disfavor. The standard of review on appeal is *de novo*. The purpose of a motion to dismiss is to test the law that governs the claims, not the underlying facts. *Miller v. Miller,* 1998 OK 24, ¶ 15, 956 P.2d 887, 894.

¶ 4 The dispositive issue before us is whether the holding of *In re Herbst, supra,* precludes these grandparents from stating a right to grandparental rights under the facts presented. The mother argues that the Oklahoma Supreme Court has found 10 O.S.Supp.1997 § 5 to be unconstitutional unless there is a showing that the child would suffer harm. This is an erroneous interpretation. In *Herbst,* the Court found that before grandparental visitation rights will be granted there must be a showing of harm *or some instance of death or divorce which brings the child's domestic situation within the province of the court.* The parents in *Herbst* were not divorced so the children involved were not within the province of the court and no showing of harm was made. Further, in *K.R. v. B.M.H.,* 1999 OK 40, ¶ 21, 982 P.2d 521, 525, the Oklahoma Supreme Court reemphasized that *Herbst* was based upon both parents objecting to the grandparents' visitation and absent a compelling reason. In *K.R.,* the Court affirmed the granting of grandparental visitation when the noncustodial father was unable to exercise his visitation. Here, the father of the child has no objection to the grandparents exercising the father's visitation rights when he is unable to do so and the child is within the province of the court due to the previous divorce proceeding. We find that the trial court erred in sustaining the moth-

er's Motion to Dismiss because *Herbst* does not preclude the granting of grandparental visitation in the facts asserted in this matter. Further, the trial court erred in dismissing the action after the mother waived her right to object to the sufficiency of the Petition by entering an appearance. The trial court's decision is reversed and remanded for proceedings consistent with this opinion.

REVERSED AND REMANDED.

HANSEN, P.J., and ADAMS, J., concur.