Dear Commissioner Bietsch
¶ 0 This office has received your letter requesting an official Attorney General Opinion addressing, in effect, the following questions:
1. Are physicians, who are employed by the State of Oklahomaand required to engage in the practice of medicine as a part oftheir duties of employment, covered by the sovereign immunity ofthe State and/or the Oklahoma Governmental Tort Claims Act, 51O.S. 1991 Supp. 2000, §§ 151-172?
 2. Are physicians who are employed by the State whovoluntarily engage in the practice of medicine, which might aidthe official mission of the agency, i.e., administerimmunizations, but which is not required by the physicians'official job descriptions, covered by the sovereign immunity ofthe State and/or the Oklahoma Governmental Tort Claims Act, 51O.S. 1991 Supp. 2000, §§ 151 — 172?
 Introduction
¶ 1 At common law, the State and its employees enjoyed absolute, complete and total sovereign immunity from liability for claims based on torts. Over the years, the absolute sovereign immunity was eroded by a patchwork of exceptions fashioned by judicial decisions. See Anderson v. Eichner, 890 P.2d 1329,1336 (Okla. 1994). In 1978, the Oklahoma Legislature adopted "The Political Subdivision Tort Claims Act." 1978 Okla. Sess. Laws ch. 203, § 1. In1984, the Act was renamed "The Governmental Tort Claims Act" ("the Act"). 1984 Okla. Sess. Laws ch. 226, § 1. The Act re-established absolute sovereign immunity from claims based on torts for the State, its political subdivisions and all employees acting within the scope of their employment,[1]
and their created statutory exceptions to that absolute immunity. Since its enactment, the Act and judicial interpretations of the language used therein has governed all questions related to the liability of the State, its political subdivisions and their employees for tortious acts or omissions.
 I.
¶ 2 In general terms, the effect of the Act was to immunize employees of the State from liability for any loss which resulted from the torts of State employees which occurred while the "employee" was acting within the scope of his/her employment. 51O.S. Supp. 2000, § 163[51-163](C).
¶ 3 Title 51 O.S. 1991, § 153[51-153] provides as follows:
 A. The state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in this act and only where the state or political subdivision, if a private person or entity, would be liable for money damages under the laws of this state. The state or a political subdivision shall not be liable under the provisions of this act for any act or omission of an employee acting outside the scope of his employment.
Id. Title 51 O.S. Supp. 2000, § 152[51-152](5) defines employee, as that term is used in the Act, as follows:
 b. For the purpose of this act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:
(1) physicians acting in an administrative capacity,
 (2) resident physicians and resident interns participating in a graduate medical education program of the University of Oklahoma Health Sciences Center or the College of Osteopathic Medicine of Oklahoma State University, and
 (3) faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University, while engaged in teaching duties.
 Physician faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University not acting in an administrative capacity or engaged in teaching duties are not employees or agents of the state. However, in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients[.]
Id.
¶ 4 Section 152(9) defines "scope of employment" as that term is used in the Act as follows:
 "Scope of employment" means performance by an employee acting in good faith within the duties of his office or employment or of tasks lawfully assigned by a competent authority including the operation or use of an agency vehicle or equipment with actual or implied consent of the supervisor of the employee, but shall not include corruption or fraud[.]
Id. When Section 153(A) is read with the definition of "scope of employment" the conclusion is clear and unambiguous. Physicians employed by the State who commit tortious acts or omissions while engaged in the good faith practice of medicine as part of the duties of their employment and tasks lawfully assigned by competent authority are "employees" and therefore are covered by the Act.
¶ 5 Title 51 O.S. 1991, § 153[51-153] provides as follows:
 B. The liability of the state or political subdivision under this act shall be exclusive and in place of all other liability of the state, a political subdivision or employee at common law or otherwise.
Id. Title 51 O.S. Supp. 2000, § 163[51-163](C) requires that suits for damages occasioned by the tortious acts of State employees who engaged in the good faith discharge of the duties of their office as employment, (other than resident physicians or interns), name the State as the defendant and prohibits naming the employee as a defendant. Id.
¶ 6 The provisions of Sections 153(B) and 163(C), when read together, force the conclusion that the State is the only entity which can be held liable for damages resulting from the tortious conduct of physicians employed by the State, who engaged in the good faith practice of medicine as a part of the duties of their office or employment.
¶ 7 The above conclusion is completely consistent with the July 3, 2001, Opinion of the Supreme Court of Oklahoma in DeLaughterv. State ex rel. Dept. of Mental Health Substance AbuseServices, No. 94,775, [2001 OK 61] 2001 WL 752695, ___ P.3d ____ (Okla. 2001). However, the rationale employed by the Supreme Court in DeLaughter provides cause for future concern.
¶ 8 The last sentence of 51 O.S. Supp. 2000, § 152[51-152](5)(b) provides that the State cannot be held liable for tortious conduct of a physician, resident physician or intern "while practicing medicine or providing medical treatment to patients."Id. In DeLaughter, the Oklahoma Supreme Court concluded that this language was limited to physicians, resident physicians and interns employed as faculty members of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University. DeLaughter at ¶ 14. The Court's conclusion in DeLaughter was predicated solely on the rationale that the language appeared in a paragraph referring to physician faculty members and staff of the teaching hospitals and therefore applied only to physicians, faculty members and staff of teaching hospitals. Id.
¶ 9 On April 9, 2001, Senate Bill 130 amended 51 O.S. Supp.2000, § 152[51-152](5). Effective November 1, 2001, Section 152(5) defines "employees" as follows:
 b. For the purpose of The Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:
(1) physicians acting in an administrative capacity,
 (2) resident physicians and resident interns participating in a graduate medical education program of the University of Oklahoma Health Sciences Center or the College of Osteopathic Medicine of Oklahoma State University, and
 (3) faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University, while engaged in teaching duties. Physician faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University not acting in an administrative capacity or engaged in teaching duties are not employees or agents of the state.
 c. In no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients[.]
2001 Okla. Sess. Laws ch. 42, § 1(5) (amending 51 O.S. Supp.2000, § 152[51-152](5)(b)). The removal of the language, "[h]owever, in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients," from the paragraph dealing with the faculty members and staff of the teaching hospitals (51 O.S. Supp. 2000, § 152[51-152](5)(b)(3)), and inclusion of that language as a free-standing paragraph in the amendment, demonstrates the Legislature's intent.
¶ 10 The rules of statutory construction require that the language of a statute be interpreted in a reconciliatory manner to give meaning to all provisions and to avoid nonsensical results. See Cowart v. Piper Aircraft Corp., 665 P.2d 315,317 (Okla. 1983) (citation omitted).
¶ 11 The Legislature's clear statement in the amendment of provisions defining "employee," as that term is used in the Act, must be interpreted to mean that, in no event shall a physician, resident physician or intern engaged in the practice of medicine or providing treatment to patients be considered an "employee" of the State, for which the State and only the State is liable.See 2001 Okla. Sess. Laws ch. 42, § 1(5)(c). This required interpretation of the Legislature's action forces the conclusion that from and after November 1, 2001, physicians, resident physicians and interns employed by the State are not "employees" within the scope of the Act while engaged in the practice of medicine or treatment of patients and therefore are not entitled to the personal immunity provided in 51 O.S. Supp. 2000, §163[51-163](C).
 II.
¶ 12 As to your second question, since physicians, resident physicians and interns are not "employees" of the State when they are engaged in the practice of medicine or treatment of patients as a part of the duties assigned by the scope of their employment, it follows that they are not "employees" of the State when they are engaged in the practice of medicine or treatment of patients as a voluntary act. See 2001 Okla. Sess. Laws ch. 42, § 1(5)(c) (amending 51 O.S. Supp. 2000, § 152[51-152](5)(b)).
¶ 13 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. From and after November 1, 2001, physicians, residentphysicians and interns who are employed by the State of Oklahomaand who practice medicine or provide medical treatment topatients as a part of the duties of their office and lawfullyassigned tasks are not covered by the sovereign immunity ofthe State or the Oklahoma Governmental Tort Claims Act.2001 Okla. Sess. Laws ch. 42, § 1(5)(c) (amending 51 O.S. Supp.2000, § 152(5)(b)).
 2. Physicians, resident physicians and interns employed by theState are not covered by sovereign immunity or the OklahomaGovernmental Tort Claims Act for tortious conduct while acting ina voluntary capacity outside the "scope" of their lawfullyassigned tasks or duties of employment. 2001 Okla. Sess. Lawsch. 42, § 1(5)(c) (amending 51 O.S. Supp. 2000, § 152(5)(b)).
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
JAMES M. ROBINSON ASSISTANT ATTORNEY GENERAL
[1]Title 51 O.S. 1991, § 152.1[51-152.1](A).
Citationizer© Summary of Documents Citing This Document.