2006 OK CIV APP 129

Stacy PRICE and Chad James, Individually and as Parents and Next Friends for the Minor Child, K.J., Plaintiffs/Appellants,

v.

Dale E. WOLFORD, D.O.; Kenneth Irvis, M.D.; Xavier Gonzalez, M.D., Defendants/Appellees,

and

Grady Memorial Hospital Authority d/b/a Grady Memorial Hospital; Five Oaks Medical Group; Robert Royse, M.D.; J. Williams, R.N.; D. Pritchett, R.N.; Richard D. Warden (Circulating Nurse); V. Pierce (Scrub Nurse); C. Renito, C.R.N.; And C. Rodgers, R.N., Defendants.

No. 102,891.

Court of Civil Appeals of Oklahoma, Division No. 1.

April 28, 2006.

Certiorari Denied Sept. 18, 2006.

Kenyatta R. Bethea, Marissa T. Osenbaugh, Holloway, Dobson & Bachman, Oklahoma City, OK, for Plaintiffs/Appellants.

John Wiggins, Thomas M. Wright, Wiggins, Sewell & Ogletree, Oklahoma City, OK, for Defendants/Appellees, Dale E. Wolford, Kenneth Irvis and Xavier Gonzalez.

Chris Fox, Heron, Sweet & Fox, P.C., Oklahoma City, OK, for Defendants, Grady Memorial Hospital Authority, and Five Oaks Medical Group.

Opinion by CAROL M. HANSEN, Judge.

¶ 1 On August 18, 2005, Plaintiff, Stacy Price and Chad James, parents of minor child K.J., filed an action against Grady Memorial Hospital Authority d/b/a Grady ·Memorial Hospital [Hospital], and certain doctors and nurses, alleging negligence in the delivery of the child on May 21, 2004.[1]  Pursuant to the Oklahoma Governmental Tort Claims Act, 51 O.S.2001 § 151 *et seq.* [the Act], Hospital is a political subdivision, specifically, a public trust.  The defendants filed their respective motions to dismiss pursuant to 12 O.S.2005 § ·2012.  The trial court granted Hospital's motion to dismiss without prejudice pursuant to 63 O.S.2001 § 1–1708.1E(A)(2).[2]  In their motion to dismiss, Defendants, Dale E. Wolford, D.O., Kenneth Irvis, M.D., and Xavier Gonzales, M.D., claimed they are employees of Hospital, and, thus, immune from liability.

¶ 2 The trial court granted Defendants' motion to dismiss, finding "... there is no just reason for delay in entering judgment herein, and therefore, final judgment is hereby entered in favor of the Defendants, Dale E. Wolford, D.O.; Kenneth Irvis, M.D.; and Xavier Gonzales, M.D., pursuant to 12 O.S. § 994, ..."[3]  The trial court also found Defendants "... are employees of Grady Memorial Hospital and do fall under the Governmental Tort Claim Act. (sic)."[4]  Plaintiffs appeal this ruling.  We review this decision granting Defendants' motion to dismiss on a *de novo* basis.  *Hartness v. Hartness,* 1999 OK CIV APP 138, 994 P.2d 1196.

■ ¶ 3 The Governmental Tort Claims Act [Act] provides immunity from torts to the State of Oklahoma, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions.  51 O.S.2001 § 152.1(A).  However, the state or a political subdivision shall be liable for loss resulting from its torts or the torts of its employees acting within the scope of their employment subject to the limitations and exceptions specified in the Act. *See* 51 O.S.2001 § 153(A).

■ ¶ 4 Among other things, Plaintiffs contend that pursuant to the Act, Defendants are not employees of Hospital.  Title 51 O.S. 2003 Supp. § 152(5)(b) provides[5]:

. . . . .

b.  For the purpose of the Governmental Tort Claims Act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:

(1) physicians acting in an administrative capacity,

(2) resident physicians and resident interns participating in a graduate medical

1.  Previously, on April 20, 2005, pursuant to the Oklahoma Governmental Tort Claims Act, Plaintiffs provided Hospital with "Notice of Tort Claim." 51 O.S.2001 § 156(A). The claim was deemed denied by operation of law because it was not approved within 90 days of the notice. 51 O.S.2001 § 157. Plaintiffs filed the present lawsuit thereafter.

2.  Section 1–1708.1E(A)(2) provides:
    2.  If a medical liability action is filed:
    a.  without an affidavit being attached to the petition, as required in paragraph 1 of this subsection, and
    b.  no extension of time is subsequently granted by the court, pursuant to subsection B of this section, the court shall, upon motion of the defendant, dismiss the action without prejudice to its refiling.

3.  In its order granting Hospital's motion to dismiss, the trial court also found defendants Richard D. Warden (circulating nurse), V. Pierce (scrub nurse), C. Rodgers, R.N, J. Williams, R.N., and D. Pritchett, R.N. were employees within the meaning of the Act. It further found the defendant, Five Oaks Medical Group was a department of Hospital and, as such, was not a real party in interest within the meaning of the Act. As such, the trial court dismissed the above-mentioned defendants.  Apparently, the remaining defendants are Robert Royse, M.D., and C. Renito, C.R.N.

4.  This January 10, 2006, ruling was an Order Nunc Pro Tunc correcting the December 6.2005, order sustaining Defendants' motion to dismiss.

5.  This version of the statute was in effect when Defendants' alleged tortious acts were committed.

education program of the University of Oklahoma Health Sciences Center or the College of Osteopathic Medicine of Oklahoma State University, and

(3) faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University, while engaged in teaching duties,

(4) physicians who practice medicine or act in an administrative capacity as an employee of an agency of the State of Oklahoma, and

(5) physicians who provide medical care to inmates pursuant to a contract with the Department of Corrections.

Physician faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University not acting in an administrative capacity or engaged in teaching duties are not employees or agents of the state.

c. *Except as provided in subparagraph (b) of paragraph 5 of this section, in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients;* (Emphasis supplied)

¶ 5 Citing *DeLaughter v. State*, 2001 OK 61, 47 P.3d 462, Defendants argue they are employees. *DeLaughter* held a physician employed by the Oklahoma State Department of Mental Health & Substance Abuse Services was a state employee immune from tort liability under the Act. In analyzing § 152(5)(b),[6] the Supreme Court stated the

defendant physician's "... claim of immunity hinges upon our interpretation of the last sentence of the final paragraph contained in 51 O.S. Supp.2000 § 152(5)(b)(3) that provides in pertinent part, the state shall not 'be held liable for tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients.'" The Supreme Court reasoned although that sentence did not reiterate that the persons to whom it referred must be employed by the University of Oklahoma's Health Sciences Center or the College of Osteopathic Medicine at Oklahoma State University, every other sentence in the paragraph did so. Thus, the final sentence, by implication, must also refer to such persons; any other interpretation would result in the nonsensical conclusion that the state never is liable for medical negligence. The Supreme Court concluded that "... legislative intent dictates that state-employed physicians who do not fall within the exemptions contained in the final paragraph of § 152(5)(b)(3) are "employees" of the state of Oklahoma as defined by § 152(5) ... and enjoy immunity from liability under § 152.1."

¶ 6 *DeLaughter* is not controlling in the present case. Here, 51 O.S.2003 Supp. § 152(5)(b)(4), not in existence when *De-Laughter* was decided, provides that physicians are employees of the state if they are "physicians who practice medicine or act in an administrative capacity as an employee of any agency of the State of Oklahoma." An "agency" of the state is defined in § 152(2) to mean "... any board, commission, committee, department or other instrumentality or

6. 51 O.S.2000 Supp. section 152(5)(b) provided: b. For the purpose of this act, the following are employees of this state, regardless of the place in this state where duties as employees are performed:

(1) physicians acting in an administrative capacity,

(2) resident physicians and resident interns participating in a graduate medical education program of the University of Oklahoma Health Sciences Center or the College of Osteopathic Medicine of Oklahoma State University, and

(3) faculty members and staff of the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University, while engaged in teaching duties. Physician faculty member and staff of

the University of Oklahoma Health Sciences Center and the College of Osteopathic Medicine of Oklahoma State University not acting in an administrative capacity or engaged in teaching duties are not employees or agents of the state. However, in no event shall the state be held liable for the tortious conduct of any physician, resident physician or intern while practicing medicine or providing medical treatment to patients;

In *DeLaughter*, the defendant physician was not a faculty member at the University of Oklahoma Health Sciences Center or the College of Osteopathic Medicine of Oklahoma State University, nor was he a student at one of those institutions.

entity designated to act in behalf of the state or a political subdivision."

¶7 Defendants are employees of Hospital, which is an Oklahoma public trust organized under the provisions of 60 O.S.2001 § 176 *et seq.*, having Grady County as its beneficiary. As such a public trust, Hospital is a political subdivision pursuant to § 152(8)(d) which defines a political subdivision as, among other things:

a "... public trust where the sole beneficiary or beneficiaries are a city, town, school district or county. For purposes of [the Act] a public trust shall include ... 'a county hospital created pursuant to a joint agreement between such governing authorities, that is operated for the public benefit by a public trust created pursuant to Section 176 et seq. of Title 60 of the Oklahoma Statutes and managed by a governing board appointed or elected by the municipality, county, or both, who exercises control of the hospital, subject to the approval of the governing body of the municipality, county, or both.' "

¶8 Assuming Defendants are employees of Hospital, Hospital is not an agency "... designated to act in behalf of the state or a political subdivision." 51 O.S.2003 Supp. § 152(2). To be protected by the Act, Defendants must be employees of an agency of the state. 51 O.S.2003 Supp. § 152(5)(b)(4). They are not. *See Fehring v. State Ins. Fund,* 2001 OK 11, 19 P.3d 276.

¶9 Moreover, the 2003 addition of the separate subsection c. to § 152(5) to apply to "any physician" rather than only to physicians employed by the state as set forth in subsection b. implies physicians would be subject to liability for medical malpractice.[7] Here, Defendants cite no decisions of our Supreme Court where a physician has successfully hidden behind the Act. In this case, Defendants are subject to liability for medical malpractice.[8] Accordingly, Defendants are not protected by the Act from tort liability. The trial court erred in granting Defendants' motion to dismiss.

REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION.

BELL, P.J., and JOPLIN, J., concur.

---

7. Here, the issue of Hospital's liability is not before this Court.

8. In *Jackson v. Oklahoma Memorial Hospital,* 1995 OK 112, 909 P.2d 765, the Supreme Court held: "The purview of protection from liability affordable by the [Act] does not encompass the practice of the healing art by providing medical or surgical services for patients. The claim against the defendant faculty physician arose *from his treatment of patients.* The trial court clearly erred in giving summary judgment based on the physician's perceived [Act]-conferred immunity."