Dear Mr. Driskill:
This office has received your letter requesting an official Attorney General Opinion in which you ask, in effect, the following question:
 Title 68 O.S. Supp.2006, § 1356(10)[1] exempts from sales taxation the sale of tangible personal property or services to the Oklahoma Department of Veterans Affairs, to any person who enters into a public contract with the Oklahoma Department of Veterans Affairs, or to any subcontractor to such a public contract. Does this exemption apply when the sale is to a person who has entered into a public contract with the Oklahoma Department of Central Services executed on behalf of the Oklahoma Department of Veterans Affairs?
Your question concerns how this sales tax exemption is affected by the Oklahoma Central Purchasing Act (74 O.S. 2001 Supp.2006, §§ 85.1 — 85.44C) and the Public Building Construction and Planning Act (61 O.S. 2001 Supp.2006, §§ 202 — 220), which require the Department of Central Services to execute contracts on behalf of a state agency under certain circumstances. The Central Purchasing Act applies to acquisitions by a state agency and the Public Building Construction and Planning Act applies to projects for the construction, renovation or maintenance of state facilities.
Generally, sales of tangible personal property or services to the State of Oklahoma are exempt from sales taxation. However, contractors[2] with the State of Oklahoma are excluded from the exemption unless the law expressly provides otherwise. 68 O.S. Supp.2006, § 1356(1) provides in pertinent part:
There are hereby specifically exempted from the tax levied by Section 1350 et seq. of this title:
 (1) Sale of tangible personal property or services . . . to the State of Oklahoma, . . . provided, all sales to contractors in connection with the performance of any contract with the . . . State of Oklahoma . . . shall not be exempted from the tax levied by Section 1350 et seq. of this title, except as hereinafter provided[.]
Id. (emphasis added).
Although contractors or subcontractors are generally excluded, subsection ten of Section 1356 extends the sales tax exemption to sales to contractors and subcontractors with the Oklahoma Department of Veterans Affairs and other named subdivisions and agencies of the State. It provides that certain sales shall not be taxed, including:
 Sale of tangible personal property or services to . . . the Oklahoma Department of Veterans Affairs, . . . or to any person with whom any of the above-named subdivisions or agencies of this state has duly entered into a public contract pursuant to law, necessary for carrying out such public contract or to any subcontractor to such a public contract.
Id. § 1356(10) (emphasis added).
The Oklahoma Tax Commission administrative rules at OAC 710:65-19-56
explain the exemption:
 (c) Exempt transactions. A contractor may make purchases based upon the exempt status of another entity only in the statutorily-limited circumstances described in this Section:
 (1) A contractor who has a public contract, or a subcontractor to that public contract, with . . . the Oklahoma Department of Veterans Affairs may make purchases of tangible personal property or services, which are necessary for carrying out the public contract, exempt from sales tax.
Id. (emphasis added).
 I. OKLAHOMA CENTRAL PURCHASING ACT
The Oklahoma Central Purchasing Act ("Purchasing Act"), governs acquisitions by state agencies. An acquisition is defined as "items, products, materials, supplies, services, and equipment a state agency acquires by purchase, lease-purchase, lease with option to purchase, or rental pursuant to the Oklahoma Central Purchasing Act unless the items, products, supplies, services, or equipment are exempt pursuant to the Oklahoma Central Purchasing Act[.]" 74 O.S. 2001, § 85.2 [74-85.2](1). The Act provides that every state agency, unless otherwise expressly exempted, must make all its acquisitions through the Purchasing Division of the Oklahoma Department of Central Services and gives the State Purchasing Director "sole and exclusive authority and responsibility for all acquisitions used or consumed by state agencies." 74 O.S. Supp.2006, § 85.5(A). The pertinent part of the statute provides:
 A. Except as otherwise provided by the Oklahoma Central Purchasing Act, every state agency shall make all acquisitions used, consumed or spent by the state agency in the performance of its official functions by the presentation of requisitions to the Purchasing Division.
Id. § 85.4
 2. Any acquisition a state agency makes shall be made pursuant to the Oklahoma Central Purchasing Act and rules promulgated pursuant thereto.
Id. § 85.7.
 A. Pursuant to the provisions of Section 85.4 of this title, the State Purchasing Director, under the supervision of the Director of the Department of Central Services, shall have sole and exclusive authority and responsibility for all acquisitions used or consumed by state agencies.
 B. The State Purchasing Director, after consultation with the requisitioning state agency, shall have authority to determine the particular brand, model, or other specific classification of each acquisition and to draft or invoke pursuant to the Oklahoma Central Purchasing Act specifications establishing the requirements for all necessary contracts or purchase orders.
Id. § 85.5.
 H. If the Purchasing Director determines that an acquisition is not necessary, excessive or not justified, the State Purchasing Director shall deny the requisition.
Id. § 85.4.
A state agency must make its own acquisitions for purchases less than $2,500, and may make its own acquisitions for purchases not exceeding $25,000 if it has a certified procurement officer and internal purchasing procedures approved by the Department of Central Services.Id. §§ 85.5(C)(11); 85.7(A)(1). Unless otherwise provided by the Purchasing Act, a state agency must make acquisitions exceeding $25,000 by requisition to the Department of Central Services. Id. § 85.7(A)(1).
The Oklahoma Department of Veterans Affairs is subject to the Purchasing Act,[3] and is limited to entering into contracts for purchases of less than $25,000. Contracts for more than $25,000 are executed by the Department of Central Services Purchasing Division on behalf of the Department of Veterans Affairs.
 II. PUBLIC BUILDING CONSTRUCTION AND PLANNING ACT
The Public Building Construction and Planning Act ("Construction Act") governs a special type of acquisition, construction[4] contracts for state agencies. A construction contract is considered "services" within the Purchasing Act definition of acquisition. See A.G. Opin. 85-157, at 250. The Purchasing Act defines services as "direct engagement of the time and effort of a contractor for the primary purpose of performing an identifiable task rather than for the furnishing of an end item of supply[.]" 74 O.S. 2001, § 85.2[74-85.2
](28). Further, "a construction contract is a contract for the rendition of services." Gilbert Central Corp. v.State, 716 P.2d 654, 663 (Okla. 1986).
The Construction Act provides that the Construction and Properties Division of the Department of Central Services "shall award and administer construction contracts[5] for state agencies[6] pursuant to the provisions of the Public Competitive Bidding Act of 1974." 61 O.S. Supp.2006 § 208(C) (emphasis added) (footnotes added). "The Division shall have final approval authority for contracts and contract documents." Id. § 204(A)(5). A state agency subject to the Public Competitive Bidding Act may execute its own contracts for construction projects costing less than $2,500. Id. § 103(C); OAC 580:20-1-3(3).[7]
The Department of Veterans Affairs is also subject to the Construction Act[8] and the Public Competitive Bidding Act, and is limited to entering into construction contracts for less than $2,500. Construction contracts of more than $2,500 are executed by the Construction and Properties Division of the Department of Central Services.
 III. APPLICATION OF THE SALES TAX EXEMPTION TO CONTRACTORS OR SUBCONTRACTORS WITH THE DEPARTMENT OF CENTRALSERVICES
Statutes exempting property from taxation are to be strictly construed against allowing an exemption. Bert Smith Rd. Mach. Co. v. Okla. TaxComm'n, 563 P.2d 641, 643 (Okla. 1977). "When the language of a statute is plain and unambiguous, no occasion exists for application of rules of construction, and the statute will be accorded meaning as expressed by the language employed." In re City of Durant v. Cicio, 50 P.3d 218, 221
(Okla. 2002). "The primary goal of rules of statutory construction is to ascertain the legislature's intent." DeLaughter v. State ex rel. Okla.State Dep't of Mental Health Substance Abuse Serv., 47 P.3d 462, 465
(Okla. 2001). There is no need to apply rules of statutory construction to ascertain legislative intent in this case. The language of 68 O.S. Supp.2006, § 1356(10) plainly and unambiguously provides that the sales tax exemption extends only to persons who contract with "any of theabove-named subdivisions or agencies of this state." The Department of Central Services is not one of the named agencies.
Alternatively, a prior Attorney General Opinion, construing the Purchasing Act, states that the legal status of the Department of Central Services is that of a purchasing agent for its principal state agency. See A.G. Opin. 84-66, at 127; see also A.G. Opin. 84-76, at 139; 85-157, at 250; 87-7, at 21; combined A.G. Opin. 88-61 88-41, at 150; 89-36, at 40-41 (citing A.G. Opin. 84-66). Under agency principles, a contract with the Department of Central Services on behalf of a state agency is essentially a contract with the state agency, thus implying that the sales tax exemption for contractors and subcontractors with the Department of Veterans Affairs is extended to contractors and subcontractors with the Department of Central Services. "When an agent . . . makes a contract on behalf of its disclosed principal, (1) the principal . . . [is a] part[y] to the contract[.]" RESTATEMENT (THIRD) OF AGENCY § 6.01 (2006). "[A]n agent . . . steps into the shoes of its tax-exempt client when it is a servant of that client." Sodexho Mgmt.,Inc. v. Johnson, 174 S.W.3d 174, 177-78 (Tenn.Ct.App. 2004).
Nevertheless, after Attorney General Opinion 84-66 was issued, the Legislature, judges, and a subsequent Attorney General Opinion essentially eliminated the degree of control by the principal state agency necessary for a principal/agent relationship. The Legislature amended the Central Purchasing Act to require the Purchasing Director to deny a requisition if he or she determines that the acquisition is not necessary, excessive or not justified. See 1986 Okla. Sess. Laws ch. 173, § 2(F) (amending 68 O.S. Supp.1985, § 85.4). The Department of Central Services has the authority to issue a purchase order after evaluating bids even if the requisitioning agency wants the requisition cancelled and the item re-bid. A.G. Opin. 96-52, at 124. A state agency has no authority to modify a contract executed by the Department of Central Services on its behalf. Cunningham Lindsey Claims Mgmt., Inc. v.Okla. State Ins. Fund, 38 P.3d 248, 251 (Okla.Civ.App. 2001); Ind.Nat'l Bank v. Dep't of Human Serv., 857 P.2d 53, 61-62 (Okla. 1993). The control of a state agency is limited to "determin[ing] its own quantitative needs for acquisitions and the general class or nature of the acquisitions." 74 O.S. Supp.2006, § 85.4(C). The Purchasing Director has "authority to determine the particular brand, model, or other specific classification of each acquisition," subject only to "consultation with the requisitioning state agency." Id. § 85.5(B).
Control by the principal is an essential element of a principal/agent relationship. RESTATEMENT (THIRD) OF AGENCY § 1.01 cmt. f(1) (2006);see also Enter. Mgmt. Consultants, Inc. v. State ex.rel. Okla. TaxComm'n, 768 P.2d 359, 362 n. 13 (1988). That element is not present under the current statutory scheme. In light of the 1986 statutory amendments to the Purchasing Act, the Cunningham Lindsey and Indiana NationalBank cases, and Attorney General Opinion 96-52, the conclusion reached in Attorney General Opinion 84-66 that the Department of Central Services is a purchasing agent for a state agency is withdrawn.[9]
Thus, the implication that agency principles extend the tax exemption granted to contractors and subcontractors with the Department of Veterans Affairs to contractors and subcontractors with the Department of Central Services is refuted.
In effect, the Purchasing Act and the Construction Act impose limits on the sales tax exemption granted to contractors and subcontractors on construction projects for the Department of Veterans Affairs. The sales tax exemption applies only to sales to persons who contract directly with the Department of Veterans Affairs. Thus, the exemption is limited to purchases by contractors or subcontractors whose construction contracts are for less than $2,500 and contracts for acquisitions other than construction contracts of less than $25,000.It is, therefore, the official opinion of the Attorney Generalthat:
 1. The sales tax exemption conferred by 68 O.S. Supp.2006, § 1356(10) on the sale of tangible personal property or services to any person who enters into a public contract with the Oklahoma Department of Veterans Affairs, or to any subcontractor to such a public contract, does not apply when the sale is to a person who has entered into a contract with the Oklahoma Department of Central Services executed on behalf of the Oklahoma Department of Veterans Affairs pursuant to 74 O.S. Supp.2006, § 85.4 or 61 O.S. Supp.2006, § 208(C).
 2. The sales tax exemption is limited by 61 O.S. Supp.2006, § 103(C) to purchases by contractors or subcontractors with the Department of Veterans Affairs whose construction contracts are for less than $2,500, and by 74 O.S. Supp.2006, § 85.5(C)(11) for contracts for acquisitions other than construction contracts of less than $25,000, provided that the Department of Veterans Affairs has a certified procurement officer and internal purchasing procedures approved by the Department of Central Services.
 3. Attorney General Opinions 84-66, 84-76, 85-157, 87-7, 88-61 and 89-36 are withdrawn to the extent that they concluded that the Department of Central Services is a purchasing agent for a state agency.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
SANDRA BALZER ASSISTANT ATTORNEY GENERAL
[1] The Oklahoma Legislature amended Section 1356 in 2007, but those amendments are not germane to your question. See 2007 Okla. Sess. Laws ch. 353, § 5, eff. date Nov. 1, 2007.
[2] A contractor is defined in the Sales Tax Code as "any person who performs any improvement upon real property and who, as a necessary and incidental part of performing such improvement, incorporates tangible personal property belonging to or purchased by the person into the real property being improved[.]" 68 O.S. Supp.2006, § 1352(6).
[3] The Department of Veterans Affairs is the only state agency listed in 68 O.S. Supp.2006, § 1356(10) subject to Section 85.4 of the Central Purchasing Act. The Grand River Dam Authority, the Northeast Oklahoma Public Facilities Authority, the Oklahoma Municipal Power Authority and the Oklahoma Ordnance Works Authority are exempt pursuant to 74 O.S. Supp.2006, § 85.12(B).
[4] The Public Building Construction and Planning Act defines construction as "the process of planning, acquiring, designing, building, equipping, altering, repairing, improving, maintaining, or demolishing any structure or appurtenance thereto including facilities, utilities, or other improvements to any real property but not including highways, bridges, airports, railroads, tunnels, sewers not related to a structure or appurtenance thereto, or dams[.]" 61 O.S. Supp.2006, § 202(2).
[5] T he Public Competitive Bidding Act defines "[p]ublic construction contract" or "contract" as "any contract, exceeding Fifty Thousand Dollars ($50,000.00) in amount, awarded by any public agency for the purpose of making any public improvements or constructing any public building or making repairs to or performing maintenance on the same." 61 O.S. Supp.2006, § 102(6).
[6] State agency is defined as "an agency, board, commission, counsel, court, office, officer, bureau, institution, unit, division, body, or house of the executive or judicial branches of government of this state, whether elected or appointed, excluding only political subdivisions."Id. § 202(15).
[7] "[P]ublic construction contracts for less than Two Thousand Five Hundred D ollars ($2,500.00) for minor maintenance or minor repair work may be negotiated with a qualified contractor." Id. § 103(C). "Small projects below the amount stipulated in 61 O.S., Section 103.C. may be awarded by the state agency to any qualified vendor." OAC 580:20-1-3(3) (2007) (emphasis added).
[8] Three of the other four state agencies granted the sales tax exemption in 68 O.S. Supp.2006, § 1356(10) are expressly exempt from 61 O.S. Supp.2006, § 208(C), which requires the Department of Central Services to award construction contracts on behalf of state agencies. The Grand River Dam Authority is exempted by 82 O.S. Supp.2006, § 862.1(3). The Northeast Oklahoma Public Facilities Authority and the Oklahoma Ordnance W orks Authority are exempt pursuant to 25 O.S. 2001, § 33[25-33].
[9] Accordingly, Attorney General Opinions 84-76, 85-157, 87-7, 88-61 and 89-36, which relied upon A.G. Opin. 84-66, are withdrawn to the extent that they concluded that the Department of Central Services is a purchasing agent for a state agency.